**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

**v.**

**Fred H. JOHNSON, Trustee Under the Will of Clay M. Thomas, Deceased, d/b/a Atlas Linen and Industrial Supply, Respondent.**

**No. 15031.**

United States Court of Appeals
Sixth Circuit.

Sept. 4, 1963.

Solomon I. Hirsh, N. L. R. B., Washington, D. C., for petitioner, Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Assoc. Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Robert Sewell, Atty., N. L. R. B., Washington, D. C., on the brief.

Thomas S. Calder, Cincinnati, Ohio, for respondent, Jack G. Evans, Thomas S. Calder, Dinsmore, Shohl, Barrett, Coates & Deupree, Cincinnati, Ohio, Robert W. Newlon, Warren C. Armstrong, Columbus, Ohio, on the brief.

Before WEICK, Circuit Judge, and BOYD and THORNTON, District Judges.

BOYD, District Judge.

Pursuant to Section 10(e), National Labor Relations Act, 29 U.S.C. § 160(e), the National Labor Relations Board has petitioned this court for enforcement of its order against the respondent, a cleaning and linen supply establishment, which furnishes its services to industries in the Columbus, Ohio, area and which is owned by a testamentary trust. The jurisdiction of the Board in this matter is not a subject of contest. The Board found that respondent violated Sections 8(a) (3) and (1) of the Act by discrimina-

torily discharging certain of its employees, who were engaging at the time of the alleged discharge in a protected economic strike of respondent's two plants in Columbus. It also found that certain conduct on the part of respondent's management representatives constituted coercion and interference in violation of Section 8(a) (1) of the Act.

Commencing in February, 1959, respondent's production and maintenance employees were the object of an organizational campaign waged by District 50, United Mine Workers of America. One Pacifico, Field Representative of District 50, apprised the production and maintenance employees that because of District 50's failure to comply with the affidavit filing requirements of the now-repealed [1] Section 9(f) (g) and (h) of the Act, the Union could not petition the Board for a representation election and that consequently a strike for recognition was foreseeable. No opposition to such a course was apparent among the employees. Letters to and meetings with management representatives of respondent failed to result in recognition progress satisfactory to District 50. On April 9, 1959, a mass meeting of the production and maintenance employees was addressed by Pacifico, he informing them that it was time to reveal the Union's strength. A strike was called for the following morning. Approximately two hundred fifty of respondent's three hundred production and maintenance employees reported for picket duty. That afternoon the number of pickets was limited by court order from the Franklin County Court of Common Pleas. It suffices for our purposes to here observe that the strike failed and the striking employees requested reinstatement on April 15. Those denied reinstatement on this occasion made additional efforts toward reinstatement. Those who were successful in this regard were told at the time of reinstatement that they were being taken back as new employees, having lost their seniority and vacation benefits. The nineteen charging parties herein were never reinstated.

The complaint issued by the Board charged the respondent with violation of Sections 8(a) (1) and (3) of the Act in that the respondent refused to reinstate or reemploy the charging parties upon termination of the strike and following their requests for reinstatement. The complaint also charged 8(a) (1) violations, to which there will be brief reference later.

An important question of administrative procedure is presented by this petition. Although there is no mention of discriminatory discharge in the complaint issued by the Board against this respondent, the Trial Examiner found these charging parties to have been discriminatorily discharged in violation of Section 8(a) (3) of the Act. An exception to the Trial Examiner's finding on this point was taken by the respondent. In its initial decision and order the Board found this exception to be well-taken. It said:

"Respondent excepts to the Trial Examiner's finding that charging parties were discriminatorily discharged on the first day of the strike. We find merit in this exception. We note that the complaint herein did not allege discriminatory discharges; rather the complaint alleged that the charging parties engaged in an economic strike and that respondent violated 8(a) (3) by failing to reinstate them. Moreover, the issue as to whether they were discharged was not fully litigated at the hearing. Accordingly we do not adopt the Trial Examiner's finding in this report. However, we do find in agreement with the Trial Examiner and as alleged in the complaint that the respondent violated Section 8(a) (1) and 8(a) (3) of the Act by failing to reemploy the charging parties." [2]

As indicated in the quoted excerpt, the Board did adopt the Trial Examiner's finding that there was an unlawful failure to reemploy the within charging par-

---

1.  73 Stat. 525.

2.  130 N.L.R.B. 761 at 762.

ties. This strike was an economic strike, as distinguished from an unfair labor practices strike. Economic strikers are entitled to reinstatement following an economic strike unless the employer has replaced the strikers. National Labor Relations Board v. Mackay Company, 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381. The Board concluded in its first decision and order that there was nothing in the record before it to indicate replacement of the charging parties prior to their requests for reinstatement. The respondent was ordered to cease and desist from the unfair practices found and, affirmatively, to offer reinstatement to the charging parties with back pay. A petition for enforcement of its order was filed by the Board in this court. Leave to voluntarily withdraw its petition without prejudice was then sought by and granted to the Board by order of the court. The Board subsequently entered its Supplemental Decision and Order,[3] which is featured by a complete reversal of its original position. Upon reconsideration of the case the Board found insufficient evidence of unlawful failure to reinstate economic strikers, but found sufficient evidence of discriminatory discharge of the within charging parties on the first day of the strike. The Board's original order was thus, for the most part, kept intact. Upon its reconsideration the Board found that the allegations in the complaint were broad enough to include discriminatory discharge and that, at any rate, the discriminatory discharge aspect was fully litigated at the hearing before the Examiner. From our examination of the complaint, the applicable law and the record as a whole, we cannot agree that the language of the complaint reasonably gave notice of the issue of discriminatory discharge, nor can we agree that the matter of discriminatory discharge was fully litigated.

The office of the complaint issued by the Board is to "notify the adverse party of the claims that are to be adjudicated so that he may prepare his case, and to set a standard of relevance which shall govern the proceedings at the hearing." Douds v. International Longshoremen's Association, Independent, 241 F.2d 278 (C.A. 2) 1957. The Administrative Procedure Act, 5 U.S.C. § 1004(a), requires that "(p)ersons entitled to notice of an agency hearing shall be timely informed of * * * (3) the matters of fact and law asserted." In National Labor Relations Board v. H. E. Fletcher Company, 298 F.2d 594 (C.A. 1) 1962, there was no mention of the found violation in the complaint. After concluding that the issue there involved had also not been litigated at the hearing, the court observed at page 600 that "it would derogate elemental concepts of procedural due process to grant enforcement to such a finding." No little juggling of theory is necessary in order to now place the issue of discriminatory discharge in the within complaint so as to have put the respondent on notice thereof. In this connection the complaint as we read it alleges an economic strike and failure to reinstate the charging parties. The theory is clear. There is no reference to discriminatory discharge concerning the failure to reinstate or as a violation in itself. Discriminatory discharge is a violation of Section 8(a)(3) and failure to reinstate on request following a discriminatory discharge is yet another violation, but the establishment of the latter finds inevitable focus upon the discriminatory discharge. We would avoid the obvious were we to overlook the omission of any reference to discriminatory discharge in the complaint, which, when the allegations that are present are considered, tends to point away from contemplation of any theory of discriminatory discharge. It must be borne in mind that we are here dealing with a question of fundamental fairness. Reasonableness is the touchstone. While the Board is certainly free in protection of the public interest entrusted to it to change its collective mind, it appears rather indicative that clear doubt as to notice of this issue must have existed

3. 134 N.L.R.B. 1230.

upon rendition of its initial Decision and Order. Was respondent apprised or should it reasonably have been apprised by the complaint of the issues it was obliged to meet? The answer must be in the negative. The particularity of pleading in an indictment, declaration at law, or bill in equity is not required of a complaint issued by the Board. Consumers Power Co. v. N. L. R. B., 113 F.2d 38 (C.A. 6) 1940. However, the principal function of the complaint is notice and it did not serve that purpose here.

██ Was the issue of discriminatory discharge fully litigated? If so, the respondent cannot be heard to complain of lack of opportunity to meet the charges against it, even though the complaint be found lacking, for a complaint may be amended to conform to proof adduced on the hearing. National Labor Relations Board v. Puerto Rico Rayon Mills, 293 F.2d 941 (C.A. 1) 1961. At several points in the course of the hearing counsel for respondent objected to evidence or testimony bearing on matters not alleged in the complaint. The Trial Examiner overruled the objections, but assured the respondent that the evidence was being admitted for background purposes only; that if there was no corresponding allegation in the complaint the evidence admitted would not be considered as the basis for a finding of unfair labor practice. The evidence upon which the Board placed greatest emphasis concerning discriminatory discharges was the notation upon the employment cards of the strikers to the effect that they had voluntarily quit on the first day of the strike. It is to be noted that one of respondent's management representatives testified that these notations were made for unemployment compensation purposes. Notwithstanding these possible references to the discharge issue, upon considering the record as a whole, we cannot avoid the conclusion the discriminatory discharge was an issue unrecognized by the respondent and not one that should have been readily perceived from the progress of the proceedings. We cannot find from this record as did the Supreme Court from the record before it in National Labor Relations Board v. Mackay Company, supra, that there was no misunderstanding as to the basis of the Board's complaint. The Court observed in that case:

"While the respondent was entitled to know the basis of the complaint against it, and to explain its conduct in an effort to meet that complaint, we find from the record that it understood the issue and was afforded full opportunity to justify the action of its officers as innocent rather than discriminatory." [4]

The misgivings entertained by the Board as to notice and full hearing upon its initial consideration of the case we find controlling now.

The Board found certain conduct on the part of respondent's representatives to constitute coercion in violation of Section 8(a) (1) of the Act. We detect no prejudicial error in these findings and consider them to be supported by substantial evidence. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456.

To that portion of the Board's order requiring cessation of such coercive activity and the posting of notices relating to these violations we grant enforcement. Enforcement of that part of the order requiring the respondent to offer reinstatement to the charging parties herein and to make said parties whole is denied.

---

**4.** At page 350 of 304 U.S., at pages 912–913 of 58 S.Ct., 82 L.Ed. 1381.