ERVIN, Judge.
Appellant Zimmerman, Sheriff of Bre-vard County from January, 1977, was notified by the Florida Elections Commission that he was under investigation for suspected violations of the Florida Elections Code during his campaign for office in 1976. The notice specified violations of sections, of Chapter 106 and described specific acts which were alleged to be violations. After the hearing, the Commission issued an “order” which found “probable cause to believe that Rollin W. Zimmerman did willfully and knowingly violate Chapter 106, Florida Statutes . . . ” and referred to certain sections of Chapter 106 which were probably violated, including sections not listed in the notice furnished Zimmerman.
Zimmerman argues that the Commission improperly expanded the scope of its investigation without notice to him. The Commission replies that the hearing authorized by Section 106.25(3), Florida Statutes (1975), was only investigatory, and it was not required to afford him all that which due process necessitates at an adjudicatory hearing.
In 1977, following Zimmerman’s- election to the office of county sheriff, the Legislature amended Chapter 106 in three ways which affect this appeal. First, the Florida Elections Commission was given jurisdiction to hold hearings concerning violations of Chapter 106 by any elected official in the state. Ch. 77-175, § 60, Laws of Florida. Formerly the Commission was empowered only to investigate possible, individual violations by “any candidate for federal, state or legislative office, including all judicial offices . . .” Section 106.25(2), Fla. Stat. (1975). Complaints concerning violations of candidates for local office, such as Zimmerman, were to be referred by the Division of Elections within the Secretary of State’s Office to the local state attorney, who was responsible for investigating, reporting back to the Division and, when appropriate, filing criminal charges. Section 106.25(1), Fla.Stat. (1975).
Second, under the 1975 statute, and when it was authorized to investigate, the Commission had the authority only to “determine if probable cause exist[ed] to believe that a violation . . ha[d] occurred.” Section 106.25(3), Fla.Stat. (1975). Chapter 77-175 gave the Division of Elections and the Commission “[jjurisdiction to investigate and determine violations . . . .” (e. s.) Under the amended act the Division receives complaints and then reports to the Commission as to whether or not there exists “an apparent violation.” The Commission is then required to “make a preliminary determination to consider the matter or to refer the matter to the State Attorney for the judicial circuit in which the alleged violation occurred.” Chapter 77-175, § 60.
Finally, if the state attorney after referral does not file charges, the Commission is authorized to take further action. Chapter 77-175, § 60. Presumably, “further action” means the Commission may assess civil penalties provided in Section 61 of Chapter 77-175, “upon finding of violation. . .” That is, when the state attorney does not act upon the Commission’s referral, the Commission may convene an adjudicatory hearing, determine whether violations occurred and assess civil penalties when appropriate. See Sections 106.25(4)(a), (b), 106.26, 106.265, Fla.Stat. (1977). .
Chapter 77-175 was effective January 1, 1978, after Zimmerman’s campaign and election and before the Commission held its hearing concerning his alleged violations of Chapter 106, purportedly occurring in 1976. Portions of it were arguably applicable to Zimmerman’s hearings; for example, the procedural, jurisdictional amendments. Those portions giving the Commission final, adjudicatory power, including the power to assess civil penalties, were not, however, applicable to Zimmerman’s hearing. Moreover the Commission, in its order, has not provided us with a statement of which statute it presumed it was controlled by when conducting the hearing. It appears to have convened a hybrid proceeding not authorized under ei *60 ther statute. As has been explained, under the 1975 statute, the Commission had no jurisdiction to investigate, hear or adjudicate complaints pertaining to local officials such as Zimmerman. Under the amended statute, however, the Commission was required either to refer the complaint to the local state attorney or convene an adjudicatory hearing to “determine whether a violation . . has occurred.” Here, the Commission held an extensive hearing, determined probable cause and referred the case, record and all, to the state attorney in Brevard County. Such procedure was not authorized under either statute. The order appealed from is vacated.[1]
MILLS, Acting C. J., and MASON, ERNEST E., Associate Judge, concur.

. Our disposition of this case does not necessitate our answering the constitutional, due process questions Zimmerman raised regarding notice. However, it is clear the Commission’s jurisdiction under Chapter 106, Florida Statutes (1977), is adjudicatory, not investigatory and that notice such as that Zimmerman received would not, now, be sufficient for due process purposes, given the Commission’s findings. See Greene v. McElroy, 360 U.S. 474, 79 S.Ct. 1400, 3 L.Ed.2d 1377 (1959); Morgan v. U. S. 304 U.S. 1, 58 S.Ct. 773, 999, 82 L.Ed. 1129 (1938); NLRB v. Johnson, 322 F.2d 216 (6th Cir. 1963).