**GRAND RAPIDS DIE CASTING CORP., Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 86–5650, 86–5709.**

United States Court of Appeals, Sixth Circuit.

Nov. 13, 1987.

Rehearing and Rehearing En Banc Denied Dec. 31, 1987.

ORDER

ON PETITION FOR REHEARING

Before MARTIN and NELSON, Circuit Judges and CONTIE, Senior Circuit Judge.

PER CURIAM.

After the filing of our opinion on October 13, 1987, 831 F.2d 112, Grand Rapids Die Casting Corporation petitioned for rehearing on the theory that we ought to have recognized that it was a denial of due process for the National Labor Relations

Board to hold that the company had committed an unfair labor practice in discharging the union steward for *threatening* to file a charge with the NLRB, when the Regional Director's complaint alleged that the steward was fired because she *"had filed* charges...." (emphasis supplied.) Contending that "Grand Rapids Die Casting Corporation never had any opportunity to refute the existence of any alleged causal link between the alleged statement and the discharge decision," the company argues that "[w]ere this a negligence case, it could accurately be said that the defendant had been denied the opportunity to defend the proximate cause element of the claim."

We find no merit in this argument. "The particularity of pleading [required] in an indictment, declaration at law, or bill in equity is not required of a complaint issued by the Board," *NLRB v. Johnson,* 322 F.2d 216, 220 (6th Cir.1963), *cert. denied, Taylor v. Johnson,* 376 U.S. 951, 84 S.Ct. 968, 11 L.Ed.2d 971 (1964), and even if this were a negligence case, the Constitution would not prohibit an amendment of the pleadings to conform to the evidence. Such amendments are expressly authorized by Rule 15(b), Fed.R.Civ.P.

As this court said in *Johnson,* 322 F.2d at 219, quoting *Douds v. International Longshoremen's Association, Independent,* 241 F.2d 278 (2d Cir.1957), "[t]he office of the complaint issued by the Board is to 'notify the adverse party of the claims that are to be adjudicated so that he may prepare his case, and to set a standard of relevance which shall govern the proceedings at the hearing.'" Pointing out that the question is one of "fundamental fairness" and that "[r]easonableness is the touchstone," this court went on to say that where an issue has been fully litigated, "the respondent cannot be heard to complain of lack of opportunity to meet the charges against it, even though the complaint be found lacking, for a complaint may be amended to conform to proof adduced on the hearing." (Citation omitted.) *Id.* Compare *NLRB v. Homemaker Shops, Inc.,* 724 F.2d 535 (6th Cir.1984),

where the complaint charged the employer with having unlawfully *assisted* a union and the Board found that the employer had committed "the broader, and remedially more severe" offense of *dominating* the union, despite the fact that the General Counsel's attorney had "affirmatively stated [at hearing] that a finding of domination was *not* being sought." 724 F.2d at 542. This court went on to hold in *Homemaker Shops* that "[t]he fundamental fairness inherent in administrative due process cannot permit the General Counsel to plead a certain charge, insist at hearing that only that charge is being litigated, and then raise a related, but more onerous charge only after the hearing record is closed." (footnote and citations omitted) 724 F.2d at 544.

In the case at bar the charge that the union steward had been fired for filing a complaint with the NLRB was no more onerous than the charge—not set forth in the complaint, but fully litigated at the hearing—that she had in fact been fired for threatening to do so. The testimony showed that shortly before her discharge the steward had threatened to file charges with the NLRB. That testimony was not objected to as being irrelevant to the issue raised in the complaint, and the employer had ample opportunity, at the hearing, to show that this was not the reason for the discharge. The employer was not unfairly denied an opportunity to prepare for the case presented at the hearing, there is no indication that the employer was misled in any way by anything the General Counsel's attorney said at the hearing, and it was well within the agency's province to find that the steward's threat to file a charge with the NLRB was the reason for her discharge. If the issue before us is one of "fundamental fairness," and if "reasonableness is the touchstone," it seems clear to us that no violation of the employer's due process rights occured here.

The petition for rehearing is **DENIED.**