**VANDERBILT PRODUCTS, INC.,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 91, Docket 26798.

United States Court of Appeals
Second Circuit.

Argued Nov. 28, 1961.

Decided Dec. 22, 1961.

Nathan Goldman, of Garmesey, Goldman & Garmesey, New York City (Ab-raham L. Bauman, Brooklyn, N. Y., on the brief), for petitioner.

Melvin Pollack, Atty., National Labor Relations Board, Washington, D. C. (Stuart Rothman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and Standau E. Weinbrecht, Atty., National Labor Relations Board, Washington, D. C., on the brief), for respondent.

Before CLARK, HINCKS, and KAUFMAN, Circuit Judges.

PER CURIAM.

When the petitioner's employees in an appropriate unit of production and maintenance employees and truck drivers by secret election chose the local union here involved as its bargaining representative, petitioner put all authority for the conduct of collective bargaining negotiations in the hands of a newly engaged attorney, unskilled, as he himself conceded, in labor matters. As the trial examiner and the Board found on adequate evidence, the attorney then proceeded to condition all negotiations upon the acceptance of terms which no "self-respecting union" could brook. These proceedings followed, including a hearing for the taking of testimony before a trial examiner, where the attorney, contrary to Canon 19 of the A.B.A. Canons of Professional Ethics, filled the dual role of counsel and witness for his client. The Board on recommendation of the examiner found the petitioner guilty of unfair labor practices and entered a comparatively mild order that it cease and desist from refusing to bargain collectively with the Union. Petitioner seeks review of this order, and the Board asks for its enforcement.

The terms upon which petitioner's attorney required agreement before further negotiations could be had were a completely open shop, with no union membership, however restricted; no maintenance of membership or check-off; absolute employer right to discharge or layoff without restriction or seniority limitation; and a five-year

834

term for the contract. The trial examiner, in finding a refusal to bargain in good faith, quoted this appropriate statement by Chief Judge Magruder in a similar case, N.L.R.B. v. Reed & Prince Mfg. Co., 1 Cir., 205 F.2d 131, 139, certiorari denied Reed & Prince Mfg. Co. v. N.L.R.B., 346 U.S. 887, 74 S.Ct. 139, 98 L.Ed. 391: "It is difficult to believe that the Company with a straight face and in good faith could have supposed that this proposal had the slightest chance of acceptance by a self-respecting union, or even that it might advance the negotiations by affording a basis of discussion; rather, it looks more like a stalling tactic by a party bent upon maintaining the pretense of bargaining."

The Board's order should be enforced and a decree to that effect will be entered.