**SOLO CUP COMPANY, Petitioner,**

**v.**

**NATIONAL LABOR RELATIONS BOARD, Respondent.**

**No. 9141.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 10, 1964.

Decided June 1, 1964.

cel Mallet-Prevost, Asst. General Counsel and Duane R. Batista, Attorney, National Labor Relations Board, on brief) for respondent.

Before SOBELOFF, Chief Judge, HAYNSWORTH, Circuit Judge, and HUTCHESON, District Judge.

SOBELOFF, Chief Judge.

The Solo Cup Company has petitioned for review of an order issued by the National Labor Relations Board on June 19, 1963, finding a violation of section 8 (a) (5) & (1) of the National Labor Relations Act in refusing to bargain in good faith with the representative of its employees. The International Brotherhood of Pulp, Sulphite and Paper Mills Workers had been certified on January 12, 1962, as their collective bargaining representative. In its answer, the Board has cross-petitioned for enforcement of its order in full. For the reasons to be stated, we grant enforcement.

Initially it should be noted that the·question of "good faith" necessarily involves subjective considerations which can be resolved only after considering the facts of the particular case. N. L. R. B. v. American National Ins. Co., 343 U.S. 395, 72 S.Ct. 824, 96 L.Ed. 1027 (1952); N. L. R. B. v. Southwestern Porcelain Steel Corporation, 317 F. 2d 527, 528 (10th Cir.1963); N. L. R. B. v. National Shoes, 208 F.2d 688 (2d Cir. 1953). After careful reading of the record as a whole, we are satisfied that there is substantial evidence to support the Board's factual findings. The Board's conclusion, based on its findings of the primary facts, is likewise well supported. Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951); N. L. R. B. v. Globe Products Corp., 322 F.2d 694 (4th Cir. 1963).

Without unnecessary elaboration on our part, it is sufficient to say that the record discloses the following conduct. (1) The company engaged in dilatory tactics in bargaining, N. L. R. B. v. Southwestern Porcelain Steel Corporation, 317 F.2d 527 (10th Cir.1963). (2) It refused to meet with the union

Barry I. Robinson, Baltimore, Md. (Robert L. Sullivan, Jr., and Sklar & Sullivan, Baltimore, Md., on brief), for petitioner.

Stephen B. Goldberg, Attorney, National Labor Relations Board (Arnold Ordman, General Counsel, Dominick L. Manoli, Associate General Counsel, Mar-

after the latter had filed a charge with the Board, Hartsell Mills Co. v. N. L. R. B., 111 F.2d 291 (4th Cir.1940). (3) Without good reason, it insisted on and after September 25, 1962, when it submitted its counterproposal, that any contract be terminable on January 12, 1963, the anniversary date of the union's certification, within less than four months. N. L. R. B. v. Henry Heide, Inc., 219 F.2d 46 (2d Cir.1955). (4) Certain company officials made statements to employees demonstrating strong anti-union animus. N. L. R. B. v. F. Bennett Mfg. Co., 291 F.2d 215 (2d Cir.1961). These findings clearly reveal a pattern of conduct sustaining the Board's conclusion. Jeffrey-De Witt Insulator Co. v. N. L. R. B., 91 F.2d 134, 112 A.L.R. 948 (4th Cir.1937); N. L. R. B. v. Reed and Prince Mfg. Co., 205 F.2d 131 (1st Cir. 1953).

 The company, however, petitions for a remand of the case to the Board for the introduction of additional evidence. Under section 10(e) of the Act we are empowered to order a remand where it is shown that the "evidence is material and that there were reasonable grounds for the failure to adduce such evidence in the hearing before the Board." The company claims that certain members of the union engaged in unlawful coercive activity against employees.

This evidence cannot be deemed "material" because the acts charged allegedly took place after November 1, 1962, while the company has been found to be in violation since April, 1962, of its duty to bargain. Nor has the company shown "reasonable grounds for the failure to adduce such evidence," since it concedes that it never requested the Board to reopen the record for the purpose of adducing additional evidence, as was its right under section 10(c) of the Act. Furthermore, the company admits that it has not completed its investigation and is not prepared, even now, to present the evidence.

 The last point to be considered is the asserted mootness of the case. It is the company's position that inasmuch as it has complied with the Board's order to offer reinstatement to those employees who struck as a result of the company's failure to bargain in good faith, the Board's order should not be enforced and the company should not be required to continue offering reinstatement. We, however, have no way of knowing whether or not the company has in fact complied with the Board's order. The issue of compliance is one with which we are not equipped to deal at this stage of the proceedings. It is not a matter to be considered in an enforcement proceeding. N. L. R. B. v. Mexia Textile Mills, 339 U.S. 563, 70 S.Ct. 833, 94 L.Ed. 1067 (1950); Home Beneficial Life Ins. Co., Inc. v. N. L. R. B., 172 F.2d 62 (4th Cir.1949).

Accordingly, the Board's order is enforced in full without prejudice to the company's right at a later date to assert before the Board the claim that in the interval since the order of June, 1963, it has fully complied with its terms, and that it should not be required to make further offers of reinstatement to striking employees.

A decree will be entered enforcing the order of the Board.