NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

HOLMES TUTTLE BROADWAY FORD,
INC., Respondent.

No. 71-1712.

United States Court of Appeals,
Ninth Circuit.

Aug. 3, 1972.

Stephen C. Yohay, Atty. (argued), Abigail Cooley Baskir, Atty., Madge F. Jefferson, Atty., Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Eugene C. Gosleo, Acting Gen. Counsel, Washington, D. C., C. Woodrow Greene, Director, NLRB Region 28, Albuquerque, N. M., for petitioner.

Erwin Lerten (argued), of Potruch & Lerten, Beverly Hills, Cal., William A. Scanland, of Bilby, Thompson, Shoenhair & Warnock, Ira D. Schneier, Tucson, Ariz., for respondent.

Before DUNIWAY and GOODWIN, Circuit Judges, and MURPHY,* Sr. District Judge.

DUNIWAY, Circuit Judge:

The National Labor Relations Board seeks enforcement of its order requiring respondent employer to bargain in good faith with Local 310 of the Teamsters' Union. The order is predicated upon careful and detailed findings of the trial examiner, who concluded that the employer had refused to bargain in good faith in violation of Section 8(a) (5) and (1) of the National Labor Relations Act, as amended, 29 U.S.C. § 158(a) (5) and (1). The trial examiner's decision

and the board's decision and order appear at 186 NLRB No. 14, and this opinion assumes familiarity with them.

In essence, the employer argues that the trial examiner's findings, adopted by the board, are not "supported by substantial evidence on the record considered as a whole" (§ 10(e) of the Act, 29 U.S.C. § 160(e)), in two major respects. It argues, first, that, at most, the record shows permissible hard bargaining, in good faith, not a refusal to bargain, and second, that its insistence on a termination date for the proposed contract that was only seven weeks away was based on a good faith doubt as to whether the union still represented a majority of the employees in the unit, and that it therefore selected the end of the certification year as the termination date. We cannot accept either argument.

■■ 1. Because the good faith of the employer—a subjective matter—is involved, the trier of fact must look to the employer's actions to determine whether it acted in good faith.[1]

The union was certified as the employees' representative on July 12, 1968. Thereafter proposed contracts and proposed modifications were exchanged. There were at least 10 bargaining sessions, beginning August 19 and ending January 30. There was indeed hard bargaining by the employer. If this were all, we might agree with the employer's position. But there is more.

The parties met again on April 3, and the union announced that it was withdrawing its demands and agreeing to the employer's proposals. It presented a signed contract, which did indeed accept all of the employer's proposals, and asked the employer to sign. The employer, however, in addition to stating that it wished to review the contract,

---

* Honorable Thomas F. Murphy, Sr. District Judge, Southern District of New York, sitting by designation.

1. Because the charge in this case was filed on July 11, 1969, all events prior to January 12, 1969, may be considered only as background, to cast light on those events within the Section 10(b) six-month period. Local Lodge No. 1424 v. NLRB, 1960, 362 U.S. 411, 416, 80 S.Ct. 822, 4 L.Ed.2d 832. This the trial examiner did.

also repeated what had been said before—that it reserved the right to withdraw its proposals or to modify them at any time. The next meeting was on April 30, and the employer listed its objections to the contract. They were almost all stylistic or typographical, except for reference to an alleged conflict between two articles, both of which tracked the employer's original proposals. The union proposed a contract of a year's duration. The employer, for the first time, said that it doubted the union's majority status, and that the contract should therefore extend only to July 12. Another meeting was held on May 22. The employer presented a redraft of the contract, expiring July 12, and offered to sign if the union would agree to one modification that the employer had inserted. The union said that a contract expiring only seven weeks away was no contract at all. The employer's response was that the union no longer represented a majority of the employees in the unit. Four days later, the employer filed a decertification proceeding, which the board's regional director properly dismissed as premature.

■ This kind of cat and mouse game is not good faith bargaining; it is its exact opposite, a negation of the employer's duty ". . . to enter into discussion with an open and fair mind, and a sincere purpose to find a basis of agreement. . . ." NLRB v. Herman Sausage Co., 5 Cir., 1960, 275 F.2d 229, 231. See NLRB v. Insurance Agents' Intern. Union, 1960, 361 U.S. 477, 485, 80 S.Ct. 419, 4 L.Ed.2d 454; NLRB v. Mrs. Fay's Pies, 9 Cir., 1965, 341 F.2d 489, 492; NLRB v. Stanislaus Implement & Hardware Co., 9 Cir., 1955, 226 F.2d 377, 380; NLRB v. Shannon, 9 Cir., 1953, 208 F.2d 545, 548. This duty does not require reaching an agreement, but it does prohibit "mere pretense at negotiation with a completely closed mind and without [a] spirit of cooperation and good faith. . . ." NLRB v. Wonder State Mfg. Co., 8 Cir., 1965, 344 F.2d 210, 215.

■ Sections 8(a) (5) and (d) do not require that a party make concessions or yield any position fairly maintained. H. K. Porter Co. v. NLRB, 1970, 397 U.S. 99, 106, 90 S.Ct. 821, 25 L.Ed.2d 146; NLRB v. American National Insurance Co., 1952, 343 U.S. 395, 404, 72 S.Ct. 824, 96 L.Ed. 1027. This does not mean, however, that the Board is prohibited from examining the contents of the proposals put forth. The Board "must take some cognizance of the reasonableness of the position taken by an employer in the course of bargaining negotiations" if it is not to be "blinded by empty talk and by the mere surface motions of collective bargaining. . . ." NLRB v. Reed & Prince Mfg. Co., 1 Cir., 1953, 205 F. 2d 131, 134. See Kayser-Roth Hosiery Co. v. NLRB, 6 Cir., 1970, 430 F.2d 701, 702–703; see also Vanderbilt Products, Inc. v. NLRB, 2 Cir., 1961, 297 F.2d 833.

■ In judging a party's compliance with Sections 8(a) (5) and (d), the "Board has been afforded flexibility to determine . . . whether . . . conduct at the bargaining table evidences a real desire to come into agreement." NLRB v. Insurance Agents' Union, supra, 361 U.S. at 498, 80 S.Ct. at 432. This determination is made by "drawing inferences from the conduct of the parties as a whole." Id. The question is one of "mixed fact and law, [and] a court will not lightly disregard the over-all appraisal of the situation by the Labor Board 'as one of those agencies presumably equipped or informed by experience to deal with a specialized field of knowledge. . . .'" NLRB v. Reed & Prince Mfg. Co., supra, 205 F.2d at 134, quoting Universal Camera Corp. v. NLRB, 1951, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456. See also Kellwood Co. v. NLRB, 8 Cir., 1970, 434 F.2d 1069, 1074.

■ 2. We cannot agree with the employer's contention that its insistence on the July 12 termination date was the result of a good faith doubt as to the union's majority status rather than bad faith bargaining. A union's majority

status is irrefutably presumed for a year following its certification by the Board. Brooks v. NLRB, 1954, 348 U.S. 96, 103–104, 75 S.Ct. 176, 99 L.Ed. 125; NLRB v. Holly-General Co., 9 Cir., 1962, 305 F.2d 670, 675.

Even if this were not the law, we find little, if any, evidence in the record to support respondent's claim of a good faith doubt. Respondent's General Operations Manager, Parker, testified that 29 employees approached him in early 1969, and requested his advice on how to get out of the union. This testimony was discredited by the hearing examiner. But assuming its veracity, the record shows that the bargaining unit contained approximately 70 employees. These figures provide no support for the employer's contention. They do, however, provide support for the Board's finding that the employer's demand for a July 12 termination date was further proof of bad faith bargaining. NLRB v. Bagel Bakers Council of Greater New York, 2 Cir., 1970, 434 F.2d 884, 888; Solo Cup Co. v. NLRB, 4 Cir., 1964, 332 F.2d 447, 449.

The Petition for Enforcement is granted.