NATIONAL LABOR RELATIONS
BOARD, Petitioner-Appellant,

v.

SCENIC SPORTSWEAR, Respondent-
Appellee.

No. 72–1735.

United States Court of Appeals,
Sixth Circuit.

March 22, 1973.

Walter C. Phillips, Director Region 10, N. L. R. B., Atlanta, Ga., Michael F. Messitte, N. L. R. B., Marcel Mallet-Prevost, Asst. General Counsel, N. L. R. B., Washington, D. C., on brief, for petitioner-appellant.

Alfred W. Vadnais, Chattanooga, Tenn., William P. Hutcheson, Humphreys, Hutcheson, Moseley & Clements, Chattanooga, Tenn., on brief; Richard Adelman, Battle, Fowler, Stokes & Kheel, New York City, of counsel, for respondent-appellee.

Before McCREE and KENT, Circuit Judges, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

This is a petition by the National Labor Relations Board for enforcement of its order dated April 21, 1972 and reported at 196 N.L.R.B. 72.

The complaint alleged " . . . that the respondent violated Section 8(a)(1) when on June 29, [1971] it announced and granted wage increases and three paid holidays to its employees for the purpose of thwarting the Union's organizational campaign and that respondent further violated Section 8(a)(1) when on July 20, [1971] it engaged in surveillance of its employees' union activities."

The Trial Examiner exonerated respondent on the wage increase charge, but, with respect to the surveillance allegation, he found that five female employees from respondent's Chattanooga plant were on their 30 minute lunch break and sitting on the church steps across the street from the plant listening to a union organizer when Mr. Romita, the assistant to the president, walked up and said he was there "to see that you don't tell these girls a bunch of lies." Romita then intimated that this union had caused the closing of the two factories where he had previously been employed. From these and other facts, the Trial Examiner found that "[w]hether or not properly characterized as 'surveillance', Romita's conduct which was designed to, and had the effect of, disrupting and interfering with Allen's [an organizer for the International Ladies' Garment Workers' Union] attempt to meet with the employees and freely discuss with them union representation constituted, I find, unlawful interference with the employees' Section 7 rights and, as such, was violative of Section 8(a)(1) of the Act." The Board issued a cease and desist order and required the posting of notices.

■ Upon review and consideration of the entire record, and having in mind the deference to be paid to the expertise of the Board, we hold that the weight of evidence supports the Board's finding of an 8(a)(1) violation. We hold further that the Board's order is appropriate to remedy the violations found to have occurred.

The respondent's other major contention is that it was denied procedural due process because it was found guilty of an offense different from that charged in the complaint and that, since it had not been apprised of the unfair labor practice found, it was not afforded an opportunity to present evidence to refute it.

■ In 1938, the United States Supreme Court held that a slight variation between the findings and the complaint does not violate due process so long as the complaint informs the respondent of the acts which constitute the charged unlawful behavior and respondent is given an opportunity to respond. NLRB v. Mackay Radio and Telegraph Co., 304 U.S. 333, 58 S.Ct. 904, 82 L.Ed. 1381 (1938). This court has on previous occasions said that Board complaints need not meet the strict particularity in pleading required of indictments, declarations at law, or bills in equity. Consumers Power Co. v. NLRB, 113 F.2d 38 (6th Cir. 1940). Their principal function is to provide notice, NLRB v. Johnson, 322 F.2d 216 (6th Cir. 1963), cert. denied, 376 U.S. 951, 84 S.Ct. 968, 11 L. Ed.2d 971 (1964), and this function is met whenever the acts found can be "fairly comprehended in the language of the complaint." Tex Tan Welhausen Co. v. NLRB, 419 F.2d 1265, 1270 (5th Cir. 1969), vacated and remanded, 397 U.S. 819, 90 S.Ct. 1516, 25 L.Ed.2d 805 (1970), on remand 434 F.2d 405 (5th Cir. 1970).

■ From an examination of the entire record and briefs, we hold that respondent was fully apprised by the complaint of the nature of the unlawful conduct found by the Board and was given ample opportunity to present evidence and argument before the Trial Examiner to refute the finding of interference with its employees' Section 7 rights.

Judge KENT would deny enforcement. He views the record as not supporting

the conclusion that Romita was interfering with the employees' Section 7 rights because the charged unfair labor practice involved only a single occurrence and there was no evidence that the *employees* were engaged in organizational activity, had any desire to listen to the organizer, ask him questions, or even talk to him.

Enforcement granted.