NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

OHMITE MANUFACTURING COMPANY, Subsidiary of North American Philips Corporation, Respondent.

Nos. 76–1764, 76–1765.

United States Court of Appeals, Seventh Circuit.

Argued April 4, 1977.

Decided May 19, 1977.*

Elliott Moore, Deputy Associate Gen. Counsel, Corinna L. Metcalf and Allison W.

* This appeal was originally decided by unreported order on May 19, 1977. See Circuit Rule 35.

The Court has subsequently decided to issue the decision as an opinion.

Brown, Jr., Attys., N. L. R. B., Washington, D. C., for petitioner.

Robert J. Mignin, Chicago, Ill., for respondent.

Before CUMMINGS and TONE, Circuit Judges, and JAMESON, Senior District Judge.**

PER CURIAM.

In these consolidated cases, the National Labor Relations Board, pursuant to § 10(e) of the National Labor Relations Act, 29 U.S.C. § 151, *et seq.*, has petitioned for enforcement of cease and desist orders issued against Ohmite Manufacturing Company. Pursuant to a stipulation filed by the parties with this court, Ohmite "does not contest the Board's Findings of Fact and Conclusions of Law but only the terms of the Board's order[s] . . . which relate to the posting of notices". Accordingly, the only issue before this court is the validity of the notice-posting requirements contained in the Board's orders.

Ohmite, a New York corporation, manufactures electrical components at a plant in Skokie, Illinois. During the early part of 1974, the International Union, United Automobile, Aerospace and Agricultural Implement Workers of America (the Union) engaged in an organizational campaign among Ohmite's approximately 600 employees. During the course of the campaign, Ohmite threatened to discharge employees Billy Duncan and Lowrece Ceasor for distributing Union literature during nonworking time and in nonworking areas. Ohmite also discharged Jeanice Wells because of her union activities. In an unfair labor practice suit (No. 76–1764), the Board found that these actions of Ohmite violated §§ 8(a)(1) and 8(a)(3) of the Act, and issued an order requiring Ohmite to cease and desist from the unlawful conduct.[1]

Later in the Union campaign, in January, 1975, Ohmite discharged employee Billy Duncan. In another unfair labor practice proceeding (No. 76–1765), the Board concluded that Ohmite had violated §§ 8(a)(1) and 8(a)(3) in threatening to discharge and discharging Duncan because of his union activities. The Board issued a second cease and desist order.[2]

The Board orders in both cases required Ohmite to:

"Post at its Skokie, Illinois, plant and facilities, copies of the notice attached [to the Order][3] . . . on forms provided by the Regional Director . . . immediately upon receipt thereof in conspicuous places, . . . for a period of 60 consecutive days. Reasonable steps shall be taken to ensure that said notices are not altered, defaced, or covered by any other material."[4]

Ohmite posted one copy of each notice for 60 days on the main bulletin board in the employee entrance of its plant. With the notices, Ohmite posted side letters stating that it did not agree with the Board decisions but that it would nonetheless comply and would recognize the right of every employee to be represented by a union.

On March 10, 1976, the Regional Compliance Officer for the Thirteenth Region notified Ohmite that the Region considered the number of postings in case No. 76–1765 to be insufficient and that the side letter contained "objectionable language". Ohmite

---

** The Honorable William J. Jameson, United States Senior District Judge for the District of Montana, sitting by designation.

1. The Board's Decision and Order are reported at 217 NLRB No. 80.

2. The Board's Decision and Order are reported at 220 NLRB No. 117.

3. The notice in each case stated that because the Board had found Ohmite in violation of federal labor law, Ohmite would reinstate those employees which it had unlawfully discharged, would not threaten to discharge or discharge employees engaging in union activities, and would not interfere with, restrain or coerce its employees in the exercise of their right to self-organization and collective bargaining.

4. The quoted material is from the Board's order in No. 76–1964. The order in No. 76–1965 was substantially the same, with the additional statement that the notice be posted in conspicuous places, "including all places where notices to employees are customarily posted".

responded to the Regional Director by several letters in which it maintained that it had posted a sufficient number of notices and that the side letter was protected by the First Amendment. Upon recommendation of the Regional Director, the Board, on August 6, 1976, filed with this court an application to enforce its orders against Ohmite. On November 18, 1976, this court denied the Board's Motion for Summary Enforcement of its Orders.

■ Ohmite argues against enforcement of the Board's orders on five grounds: (1) that Ohmite has fully complied with the orders, (2) that any non-compliance was *de minimis*, (3) that the side letters were protected by the First Amendment, (4) that the Board abused its discretion in seeking enforcement, and (5) that the orders were vague and ambiguous. We agree with the Board, however, that questions pertaining to compliance with the Board's orders are not before the court at this time and that we are concerned only with the legality of the orders.

■ An enforcement proceeding is of the same character and scope as a proceeding for review, pursuant to § 10(f) of the Act, brought by a person aggrieved by an order of the Board, and allows one against whom enforcement is sought to assert any defense sufficient in law to enforcement. See *Ford Motor Co. v. National Labor Relations Board*, 305 U.S. 364, 368–372, 59 S.Ct. 301, 83 L.Ed. 221 (1939). Compliance with a Board order, however, is not a defense to enforcement and does not render the cause moot. "A Board order imposes a continuing obligation; and the Board is entitled to have the resumption of the unfair practice barred by an enforcement decree." *National Labor Relations Board v. Mexia Textile Mills, Inc.*, 339 U.S. 563, 567, 70 S.Ct. 826,

829, 94 L.Ed. 1067 (1950). Accord, *National Labor Relations Board v. Marsh Supermarkets, Inc.*, 327 F.2d 109, 111 (7 Cir. 1963), *cert. denied*, 337 U.S. 944, 84 S.Ct. 1351, 12 L.Ed.2d 307 (1964). "The issue of compliance is one with which [the court is] not equipped to deal at this stage of the proceedings. It is not a matter to be considered in an enforcement proceeding."[5] *Solo Cup Company v. National Labor Relations Board*, 332 F.2d 447, 449 (4 Cir. 1964).

■ Of the contentions asserted by Ohmite, only the contention that the orders were vague and ambiguous is properly at issue. Ohmite argues that the orders did not fairly notify it of the scope of the notice-posting requirement or the procedures to be followed, and that the Regional Director has promulgated unclear standards for compliance. A common sense reading of the notice-posting requirement, however, reveals sufficient certainty in its terms to avoid a challenge of lack of fair notice. The order requires notice to be posted on forms provided by the Regional Director for 60 consecutive days at "conspicuous places" in the employer's place of business. As noted by the Board, this is a standard provision included among remedial provisions in Board orders. The use of the plural "places" clearly contemplates posting in more than one location. The failure to specify which places are conspicuous, rather than indicating impermissible vagueness, merely allows the employer flexibility in complying with the order.[6]

■ Finally, we note Ohmite's contentions that the Board abused its discretion in seeking enforcement because of the *de minimis* nature of Ohmite's alleged noncompliance with the Board's orders. Aside from the nonreviewable question of compliance, we agree with the Board that the issue of

---

5. Only after a decree of enforcement has been entered may the issue of compliance properly be considered, either in a future proceeding before the Board or in a contempt proceeding before this court. See, *e. g., National Labor Relations Board v. Nickey Chevrolet Sales, Inc.*, 493 F.2d 103, 106 (7 Cir. 1974), *cert. denied*, 419 U.S. 834, 95 S.Ct. 60, 42 L.Ed.2d 60 (1974).

6. As noted *supra*, note 4, the order in No. 76–1765 was even more specific than the order in No. 76–1764 because it defined "conspicuous places" to include "all places where notices to employees are customarily posted". This requirement is not vague or ambiguous.

enforcement is not *de minimis.* The Board seeks enforcement of its entire order in each case, to which it is entitled.

Accordingly, a decree will be entered enforcing the Board's orders.[7]

7.  We express no opinion with respect to Ohmite's contentions of compliance, which it is free to assert in any further proceedings before the Board or this court arising from these orders.