991 F.2d 795
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
BROCKMAN FORKLIFT, INC., Respondent.
 No. 92-6328.
 United States Court of Appeals, Sixth Circuit.
 April 1, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 
 1
 The National Labor Relations Board (the "Board") applies for the summary enforcement of its decision and order dated April 7, 1992, in Case Nos. 7-CA-31288 and 7-CA-31395(3) in which it found the respondent violated federal labor law by refusing to bargain over an initial contract with a certified union and by laying off six employees without notice to and bargaining with the union. The Board states it is entitled to summary enforcement because the respondent waived its right to challenge the decision and order by withdrawing its exceptions to the administrative law judge's decision recommending entry thereof. The respondent opposes entry of summary enforcement on grounds the Board has given a new interpretation to the remedial backpay provisions of the decision and order, therefore rendering that order vague and unenforceable.
 
 
 2
 We agree with the Board that its decision and order is entitled to summary enforcement at this time. Although the respondent questions the interpretation of the Board's decision and order as it pertains to the payment of backpay, that is an issue of compliance that may be considered by the Board in future proceedings or by this court in any contempt proceeding that may arise from the Board's decision and order. See NLRB v. Ohmite Mfg. Co., 557 F.2d 577, 579 n. 5 (6th Cir.1977) (per curiam).
 
 
 3
 It therefore is ORDERED that the Board's application for summary enforcement of the above decision and order is granted. The respondent, Brockman Forklift, Inc., Detroit, Michigan, its officers, agents, successors, and assigns, shall:
 
 1. Cease and desist from:
 
 4
 (a) Refusing to recognize and bargain with Local 324, International Union of Operating Engineers, AFL-CIO (hereinafter called the Union) as the exclusive bargaining representative of the employees in the following appropriate unit:
 
 
 5
 All full time and regular part time service and maintenance employees employed by the employer at or out of its facilities located at 15800 Tireman, Detroit, Michigan; 1601 Blain Southeast, Grand Rapids, Michigan; and 3465 Wadsworth, Saginaw, Michigan including road servicemen, road mechanics, shop mechanics, welders, truck drivers, partsmen, steamer/painters, driver mechanics, apprentice mechanics and maintenance men; but excluding office clericals, salesmen, guards and supervisors as defined in the Act.
 
 
 6
 (b) Unilaterally laying off employees without providing the Union with notice and opportunity to bargain about the decision to layoff the employees and the effects of that decision.
 
 
 7
 (c) In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the National Labor Relations Act (hereinafter called the Act).
 
 
 8
 2. Take the following affirmative action necessary to effectuate the policies of the Act.
 
 
 9
 (a) Recognize and, on request, bargain with the Union as of November 9, 1990 as the exclusive bargaining representative of the employees in the above described unit with respect to rates of pay, wages, and other terms and conditions of employment, and, if an understanding is reached, embody the understanding in a signed agreement.
 
 
 10
 (b) On request, bargain with the Union concerning the decision to layoff employees on November 12, 1990 and the effects of that decision.
 
 
 11
 (c) Reinstate and make whole those employees laid off on November 12, 1990 for any loss of pay or other employment benefits suffered as a result of its unlawful conduct in the manner set forth in the remedy portion of the administrative law judge's decision.
 
 
 12
 (d) Preserve and, on request, make available to the Board or its agents for examination and copying, all payroll records, social security payment records, timecards, personnel records and reports, and all other records necessary to analyze the amount of backpay due under the terms of this Judgment.
 
 
 13
 (e) Post at its facilities in Detroit, Michigan, Grand Rapids, Michigan and Saginaw, Michigan copies of the attached notice marked "Appendix." Copies of the notice, on forms provided by the Regional Director for Region 7 of the National Labor Relations Board (Detroit, Michigan), after being signed by the respondent's authorized representative, shall be posted by the respondent immediately upon receipt and maintained for 60 consecutive days in conspicuous places including all places where notices to employees are customarily posted. Reasonable steps shall be taken by the respondent to ensure that the notices are not altered, defaced, or covered by any other material.
 
 
 14
 (f) Notify the aforesaid Regional Director in writing within 20 days from the date of this Judgment what steps the respondent has taken to comply.