56 F.3d 65
 1995 O.S.H.D. (CCH) P 30,814
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert REEMSNYDER, Petitioner,
v.
OCCUPATIONAL SAFETY & HEALTH ADMINISTRATION, U.S. DEPARTMENT
OF LABOR; Mayflower Transit, Inc., Respondents.
 No. 94-4214.
 United States Court of Appeals, Sixth Circuit.
 May 30, 1995.
 
 1
 Before: SILER and DAUGHTREY, Circuit Judges, and ZATKOFF, District Judge.*
 
 ORDER
 
 2
 Robert Reemsnyder, a pro se Tennessee resident, appeals a decision by the Secretary of Labor dismissing his complaint against Mayflower Transit, Inc., for alleged violations of Sec. 405 of the Surface Transportation Assistance Act (STAA), 49 U.S.C. app. Sec. 2305.** The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 On October 21, 1991, Reemsnyder filed a complaint with the Department of Labor alleging that Mayflower violated STAA when Mayflower terminated his contract in retaliation for safety-related activities. Following an investigation, OSHA determined that Reemsnyder's complaint was not timely and that his termination did not violate STAA.
 
 
 4
 Reemsnyder objected to this decision. A two day hearing was then held before an Administrative Law Judge (ALJ) for the Department of Labor. On November 12, 1993, the ALJ found that Mayflower had not violated STAA. On May 19, 1994, after various proceedings, the Secretary of Labor affirmed the ALJ's recommendation. This court then accepted Reemsnyder's petition for review of the Secretary's decision. On appeal, Reemsnyder essentially challenges the Secretary's factual determinations.
 
 
 5
 The Secretary's legal conclusions must be affirmed unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. This court must uphold the Secretary's findings of fact if they are supported by substantial evidence. Moon v. Transport Drivers, Inc., 836 F.2d 226, 229 (6th Cir. 1987) (per curiam).
 
 
 6
 Upon review, we conclude that the Secretary's decision is supported by substantial evidence. Reemsnyder challenges the Secretary's determination that Mayflower's termination was not in retaliation for his safety-related complaints. The issue of employer motivation in retaliatory discharge cases is a question of fact. NLRB v. A & T Mfg. Co., 738 F.2d 148, 149 (6th Cir. 1984). The Secretary's factual findings must be accepted as correct if they are supported by the record as a whole. Id. Further, the Secretary's determination of employer motivation is granted great deference. See Yellow Freight Sys., Inc. v. Martin, 954 F.2d 353, 357 (6th Cir. 1992). The Secretary's decision that Mayflower did not violate Sec. 405 of STAA is supported by the record. Reemsnyder's actions on and after April 12, 1991, are more than sufficient reason for Mayflower to terminate its contract with Reemsnyder.
 
 
 7
 Accordingly, we affirm the Secretary's decision. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 **
 Section 405 of the Act has been recodified as 49 U.S.C. Sec. 31105, but this opinion will refer to the 1988 codification