72 F.3d 130
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dwight E. TOLAND, Petitioner,
v.
BURLINGTON MOTOR CARRIERS, INC.; Secretary of Labor, Respondents.
 No. 95-3355.
 United States Court of Appeals, Sixth Circuit.
 Dec. 1, 1995.
 
 1
 Before: MARTIN and JONES, Circuit Judges, and COHN, District Judge.*
 
 ORDER
 
 2
 Dwight E. Toland, a pro se Ohio resident, appeals a decision by the Secretary of Labor dismissing his complaint against Burlington Motor Carriers, Inc. (Burlington), for alleged violations of Sec. 405 of the Surface Transportation Assistance Act (STAA), 49 U.S.C. app. Sec. 2305. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On September 14, 1992, Toland filed a complaint with the Department of Labor (DOL) alleging that Burlington violated the STAA when Burlington terminated Toland's employment in retaliation for Toland's complaints about Burlington's violations of the Department of Transportation regulations. Following an investigation, the Occupational Safety and Health Administration made a preliminary determination that Toland's complaint lacked merit.
 
 
 4
 Toland objected to this decision. A two day hearing was then held before an Administrative Law Judge (ALJ) for the DOL. On October 31, 1994, the ALJ found that Burlington had not violated the STAA. On February 27, 1995, the Secretary of Labor affirmed the ALJ's recommendation with one correction in legal reasoning. The Secretary of Labor held that corroborating evidence was not necessary to establish a prima facie case as the ALJ had so held. This court then accepted Toland's petition for review of the Secretary's decision. On appeal, Toland essentially challenges the Secretary's factual determinations.
 
 
 5
 The Secretary's legal conclusions must be affirmed unless they are arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law. 49 U.S.C. app. Sec. 2305(d). This court must uphold the Secretary's findings of fact if they are supported by substantial evidence. Moon v. Transport Drivers, Inc., 836 F.2d 226, 229 (6th Cir.1987) (per curiam).
 
 
 6
 Upon review, we conclude that the Secretary's decision is supported by substantial evidence. Toland challenges the Secretary's determination that Burlington's termination of Toland's employment was not in retaliation for Toland's complaints concerning alleged log falsifications. The issue of employer motivation in retaliatory discharge cases is a question of fact. NLRB v. A & T Mfg. Co., 738 F.2d 148, 149 (6th Cir.1984). The Secretary's factual findings must be accepted as correct if they are supported by the record as a whole. Id. Further, the Secretary's determination of employer motivation is granted great deference. See Yellow Freight Sys., Inc. v. Martin, 954 F.2d 353, 357 (6th Cir.1992). The Secretary's decision that Burlington did not violate Sec. 405 of the STAA is supported by the record. Toland's actions during his short-lived career at Burlington, which included not only abusive language and threats of violence, but a lunge across the doghouse at the driver of a moving vehicle, are more than sufficient reason for Burlington to terminate Toland's employment.
 
 
 7
 Toland's other arguments raised on appeal are without merit.
 
 
 8
 Accordingly, we affirm the Secretary's decision. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation