103 F.3d 130
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jabari Issa MANDELA, Plaintiff-Appellee,
v.
William OLIPHANT, Correctional Officer, Defendant-Appellant.
 No. 95-5764.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1996.
 
 Before: KEITH, SILER, and BATCHELDER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendant-Appellant William Oliphant ("Oliphant") appeals a jury verdict in favor of Plaintiff-Appellee Jabari Issa Mandela ("Mandela"). Oliphant was charged with violating Mandela's civil rights by retaliating against him because he exercised his First Amendment right to freedom of speech. The jury returned a verdict on the First Amendment claim, as well as a verdict on the access to courts claim, both in favor of Mandela. Oliphant argues that the access to courts claim was not properly before the jury, and that in any event, the trial court allowed the jury to hear prejudicial and irrelevant evidence necessitating a new trial. For the reasons stated below we AFFIRM the trial judge's denial of a new trial, and VACATE the verdict on the access to courts claim.
 
 I. STATEMENT OF THE CASE
 
 2
 Mandela is an inmate at the Tennessee State Prison. As an inmate Mandela functions as a jailhouse lawyer, assisting other inmates with their legal needs. He also serves as an Inmate Counsel Representative ("ICR"). In that capacity, he discusses prison concerns with fellow inmates and representatives from the Warden's office. In addition, he participated in what is known as the Grubbs litigation, a prisoner's action which sought to close down the prison because of constitutional violations.
 
 
 3
 At trial, Mandela alleged that on July 2, 1989, during his visits as an ICR, he informed certain inmates not to sign a petition aimed at keeping the prison open. He asserts that as a result, Oliphant ordered him to go back to his cell and not to discuss the matter further. He claims that Oliphant retaliated against him by issuing him a false disciplinary write-up for interfering with the late night count at the prison. Oliphant contends that the only reason Mandela was disciplined was because he in fact did interfere with the prison count.
 
 
 4
 The jury returned a verdict in favor of Mandela. It found that Mandela was entitled to $2,500 in compensatory damages, and $5,000 in punitive damages for his First Amendment claim. The jury also awarded Mandela $100 in compensatory damages and $5,000 in punitive damages on his access to courts claim.
 
 II. DISCUSSION
 A. Access to Courts Claim
 
 5
 Oliphant's first argument is that the district court erred in submitting to the jury the access to courts claim. Oliphant argues that he was not given sufficient notice as to this claim, in order to rebut the charge. Oliphant maintains that the access to courts claim should not have been at issue in this case because: (1) it was not stated in the Plaintiff's complaint; (2) the magistrate judge before whom the case was first assigned did not recommend that it be tried; and (3) the first notice to the parties that an access to courts claim was to be presented to the jury occurred during the jury charge deliberations.
 
 
 6
 Mandela responds with two arguments. First, he contends that a liberal reading of his pro se complaint adequately asserts that Oliphant retaliated against him for exercising his First Amendment rights involving court access. He argues that his allegation that Oliphant wrote him up "for the sole purpose of retribution, because of plaintiff's activities as a law library clerk, Grievance Committee member and inmate council representative," sufficiently pleads an access to courts claim.
 
 
 7
 Second, he maintains, the district court amended the original complaint by submitting such a claim to the jury. As Federal Rules of Civil Procedure Rule 15(b) promotes deciding cases on their merits rather than on one party's lack of pleading skill, courts interpret this rule liberally whenever doing so will effectuate the purpose of the rule.
 
 
 8
 In Yellow Freight System v. Martin, 954 F.2d 353, 358 (6th Cir.1992), this Court stated that "the general rule is when issues not raised in pleadings are raised by the express or implied consent of the parties, the court may treat the issues in all respects as if the parties had raised them in the pleadings." Consequently, when an issue is tried fully by the parties, a court or agency may base its decision on that issue and may amend the pleadings accordingly, even at 358.
 
 
 9
 Oliphant asserts that he did not consent to trying the access to courts claim. He notes that he even objected to the access to courts jury charge. Hence, he argues that the district court abused its discretion in submitting that claim to the jury.
 
 
 10
 We agree with Oliphant. The access to courts claim was not raised in the pleadings and Oliphant clearly objected to trying the issue. We therefore hold that the district court abused its discretion. See, e.g., Wilsmann v. Upjohn Co., No. 88-1311, 1989 WL 835, at * 5 (6th Cir. Jan. 9, 1989) (holding that where a defendant does not expressly or impliedly consent to trying a claim that was not pleaded, plaintiff could not amend his pleading per Rule 15(b)) cert. denied, 491 U.S. 906 (1989); Chesapeake & Ohio Ry. Co., v. Newman, 243 F.2d 804, 812-13 (6th Cir.1957); see also Northwood Stone & Asphalt, Inc., v. Occupational Safety & Health Review Comm'n, No. 94-4327, 1996 WL 160821 (6th Cir. April 4, 1996) (finding that Rule 15(b) does not allow a court to amend the pleading sua sponte).
 
 B. New Trial
 
 11
 Oliphant also argues that a new trial is warranted because the trial judge allowed the jury to hear evidence that was "irrelevant, confusing, and prejudicial." We find this claim to be without merit. We review a district court's denial of a motion for a new trial for abuse of discretion. Francis v. Clark Equip. Co., 993 F.2d 545, 552 (6th Cir.1993).
 
 
 12
 The evidence in question concerns testimony by a witness called by Oliphant. On cross-examination Mandela, proceeding pro se, led the witness into matters that the trial judge later ruled irrelevant. The burden of showing prejudice rests with the party seeking the new trial. In re Air Crash Disaster v. Northwest Airlines Inc., 86 F.3d 498, 524 (6th Cir.1996). Although Oliphant avers that the testimony prejudiced his case, he does not proffer any facts to show how he was prejudiced. Thus, he has failed to carry his burden. Consequently, we cannot find that the trial court abused its discretion by not granting a new trial.
 
 III. CONCLUSION
 
 13
 For the foregoing reasons we AFFIRM the decision of the district court not to grant a new trial, and VACATE the jury's verdict on the access to the courts claim.