Rodriguez GarcIa, Juez Ponente
*687 TEXTO COMPLETO DE LA RESOLUCION
I
El querellado-recurrente, Charlie Auto Sales, Inc., (Charlie Auto), solicita que revisemos una resolución emitida el 19 de octubre de 1995 por el Departamento de Asuntos del Consumidor (DACO), en la cual se declaró con lugar una querella presentada en su contra por la Sra. Emma Duque Hernández. Mediante dicha resolución, se declaró la nulidad de un contrato de compraventa de automóvil celebrado entre éstos por haber mediado dolo de parte de Charlie Auto, y se le ordenó a ésta y al First Federal Savings Bank a pagar solidariamente a la Sra. Duque Hernández la cantidad de $1,400.00 correspondiente al pronto pago del precio del vehículo más todas las mensualidades pagadas por ésta al Banco. Se ordenó además relevar a la Sra. Duque Hernández del pago del remanente del contrato de venta condicional. Luego de recibir el pago total, la Sra. Duque Hernández, tendría que devolver el vehículo a los querellados. Una moción de reconsideración presentada oportunamente fue rechazada de plano.
Inconforme con dicho dictamen, la querellada Charlie Auto interpuso el presente recurso de revisión alegando la comisión de los siguientes errores:

"A. Erró el DACO al realizar una inspección del vehículo sin estar presente representación legal.

B. Erró el DACO el ordenar la resolución del contrato."

Por los fundamentos que se exponen a continuación, resolvemos que procede denegar la expedición del auto solicitado.
El 17 de mayo de 1994, la Sra. Duque Hernández le compró un automóvil usado marca Mitsubishi, Mirage, modelo 1993, a Charlie Auto. A los pocos días, ésta descubrió una serie de desperfectos mecánicos y físicos en el vehículo de los cuales no se había percatado al momento de la entrega debido a su falta de conocimiento sobre estos asuntos. Debido a esta situación, se tomó la iniciativa de ir al Departamento de Transportación y Obras Públicas para investigar a quién había pertenecido el automóvil anteriormente. Allí descubrió que el mismo había sido un vehículo de alquiler perteneciente a una compañía de arrendamiento de automóviles llamada Hertz Car Rentals Inc. Charlie Auto no le había informado este hecho a la Sra. Duque Hernández. 
Posteriormente, la Sra. Duque se comunicó con Charlie Auto para inquirirle al respecto y reclamarle la reparación de los mencionados desperfectos. Luego en 17 de junio de 1994 presentó una querella contra Charlie Auto ante el DACO en la cual describe los desperfectos y expone como su petición lo siguiente: "investigue, reparación satisfactoria de la unidad y lo que en derecho proceda". El DACO le cursó la correspondiente notificación a las partes en la cual les informó la presentación de una querella sobre mercancía defectuosa contra Charlie Auto, y los demás co-querellados y les citó para la celebración de una vista el 11 de abril de 1995.
En dicha vista, la querellante solicitó la nulidad del contrato de compraventa del automóvil porque alegadamente la querellada Charlie Auto incurrió en dolo al no informarle que el automóvil en cuestión había sido usado como vehículo de alquiler, según lo exige el Art. 27.1 del Reglamento de Garantías de Vehículos de Motor promulgado por el DACO y aprobado el 28 de septiembre de 1992. A tales efectos, narró los hechos demostrativos de tal omisión explicados anteriormente. La prueba documental aportada por la co-querellada Mitsubishi Motors Sales of Caribbean Inc., dejó probado que en efecto el automóvil objeto de esta querella había pertenecido anteriormente a la compañía de arrendamiento de vehículos, Hertz Car Rentals Inc. La co-querellada Charlie Auto se opuso a que se le permitiera a la Sra. Duque Hernández hacer esta alegación y solicitar la nulidad del contrato por *688 razón de que ello no fue incluido en la querella ni en la notificación cursada por la agencia, lo cual según ella constituye una violación al debido proceso de ley. Además, alegó que las alegaciones de la querella y el remedio solicitado en la misma no habían sido enmendados a tales efectos.
Luego de la celebración de la vista, el DACO citó a las partes para una inspección técnica del automóvil a ser realizada por un perito automotriz de la agencia. La representación legal de Charlie Auto solicitó la transferencia de dicha vista en cuatro (4) ocasiones. Finalmente, a la cuarta vez el DACO se negó a transferir la fecha de la inspección ya que ello estaba resultando en perjuicio de la querellante. Charlie Auto alegó que ello violaba su derecho al debido proceso de ley. No obstante, la agencia procedió a celebrar la misma sin la presencia de la representación legal de Charlie Auto. En 22 de agosto de 1995, el DACO le envió copia del informe de la inspección preparado por el técnico automotriz de la agencia a todas las partes incluyendo a Charlie Auto.
Finalmente, en 19 de octubre de 1995, el DACO emitió la resolución ahora recurrida, mediante la cual declaró nulo el contrato de compraventa celebrado entre las partes de epígrafe por razón de que Charlie Auto incurrió en dolo al no notificarle a la Sra. Duque Hernández que el automóvil objeto del contrato había sido previamente un vehículo de alquiler.
II
Discutiremos solamente el segundo señalamiento de error ya que independientemente de que se haya cometido o no el primer error imputado, ello no altera en lo absoluto el resultado del caso. Véase que ello es así ya que el dictamen del DACO no se hizo a base de las condiciones del automóvil, sino, a base de la alegada acción dolosa de parte de la querellada Charlie Auto, por lo cual el resultado de la inspección técnica del vehículo no tiene relevancia en cuanto al dictamen del DACO.
La recurrente esboza el segundo error imputado de una manera muy general al señalar que "erró el DACO al ordenar la resolución al contrato." No obstante, en su argumentación de este error incluye cuatro fundamentos para su contención que de por sí constituyen cuatro señalamientos de errores, por cuanto los discutiremos por separado en aquel orden que entendemos más lógico.
En primer lugar, señala la recurrente Charlie Auto que la prueba desfilada en la vista ante la agencia no demostró que hubiese mediado dolo de parte suya en la otorgación del contrato de compraventa objeto de esta querella. Además, señala que de haber habido dolo éste no fue grave de manera que produjera la nulidad del contrato ya que la querellante-recurrida, Sra. Duque Hernández, había venido usando intensamente el vehículo en cuestión sin problema alguno y que el hecho de que el vehículo perteneciera a una compañía de arrendamiento no había causado una merma en su valor.
Como es sabido, los requisitos esenciales de todo contrato son consentimiento de los contratantes, objeto cierto que sea materia del contrato y causa de la obligación que se establezca. Art. 1213 del Código Civil, 31 L.P.R.A., see. 3391. Cuando el consentimiento haya sido prestado por error, violencia, intimidación o dolo, el mismo estará viciado y, por ende, el contrato será nulo. Art. 1217 del Código Civil, 31 L.P.R.A., see. 3404. En el caso del dolo, el Código Civil dispone que "hay dolo cuando con palabras o maquinaciones insidiosas de parte de uno de los contratantes, es inducido el otro a celebrar un contrato que sin ellas no hubiera hecho". Art. 122, 31 L.P.R.A., sec. 3408. Pero solamente el dolo grave produce la nulidad del contrato. "El dolo incidental sólo obliga al que lo empleó, a indemnizar daños y perjuicios". Art. 1223, 31 L.P.R.A. 3409. El dolo grave es aquél que recae sobre elementos esenciales del contrato. En. otras palabras, es el engaño de una de las partes sobre aquellas cualidades que indujeron a la otra parte a contratar. Este engaño puede darse de manera positiva mediante el uso de palabras o conducta artificiosa, o de manera negativa mediante el silencio de circunstancias importantes del contrato que de conocerlas la otra parte no hubiera contratado. Este segundo tipo de engaño es el llamado dolo negativo o reticencia dolosa, la cual Morales Moreno define como "el callar consciente de un contratante cuando según la ley o la buena fe, le es obligado manifestarse." (Enfasis nuestro) A.M. Morales Moreno, Comentarios al Código Civil y Compilaciones Forales, T. XVII, Vol. 1-B, (M. Albaladejo, director) Ed. Rev. Der. Privado, 2da Ed. (1993), pág. 387. Nuestra jurisprudencia ha reconocido este tipo de dolo como uno de carácter grave que produce la nulidad del contrato. Márquez v. Torres Campos, 111 D.P.R. 854 (1982).
Ahora bien, la gravedad del dolo siempre hay que determinarla a base de la totalidad de las *689 circunstancias del caso. Por tal razón, al hacer tal determinación "la preparación académica, condición social y económica y relaciones y tipo de negocios en que se ocupa una persona son factores de particular significación al determinar la existencia de dolo que anule su consentimiento". Miranda Soto v. Mena Eró, 109 D.P.R. 473 (1980). Véase, además Citibank v. Dependable Ins. Co. Inc., 121 D.P.R. 503 (1988).
En estos casos en que se determine que el consentimiento prestado por una de las partes esté viciado ya sea por dolo o por cualquiera de los otros vicios del consentimiento, el contrato será nulo aunque las partes no hayan sufrido lesión alguna. Art. 1252 del Código Civil, 31 L.P.R.A. see. 3511. Sobre este asunto señala Morales Moreno, op. cit, pág. 385, que:

"Lo más frecuente es que el dolo provoque un daño a quien lo padece y una ventaja a quien lo causa. Sin embargo, ni el daño ni la ventaja son requisitos del dolo que contempla el Art. 1269. Sólo es preciso que se produzca una captación ilícita de la voluntad. El bien jurídico protegido es la libertad del contratante.

El ataque a la libertad que padece un contratante justifica el efecto del dolo, la anulabilidad del contrato celebrado."

Como puede verse, no tiene que haber ocurrido un daño material para la determinación de nulidad de un contrato por dolo o por cualquiera de los demás vicios del consentimiento.
Al considerar la situación del caso que nos ocupa, a la luz del derecho antes expuesto resulta claro que la recurrente, Charlie Auto incurrió en dolo al contratar con la querellante-recurrida, Sra. Duque Hernández, por lo cual el DACO procedió correctamente al declarar la nulidad del contrato. En este caso, Charlie Auto tenía la obligación como vendedora de informarle a la compradora-querellante, que el automóvil que estaba comprando había sido previamente un vehículo de alquiler. Ello era una cualidad del automóvil sumamente importante que podía ser determinante al momento de la Sr. Duque tomar su decisión sobre la compra del mismo. No obstante, la obligación no surgía sólo de este precepto de buena fe, sino que era una obligación impuesta expresamente por el Reglamento de Garantías de Vehículos de Motor, supra, el cual requiere en su Art. 27.1 que todo vendedor de vehículos de motor le notifique por escrito a todo comprador de un automóvil usado, si dicho automóvil fue utilizado previamente como vehículo de alquiler. Al promulgar este reglamento, el DACO le exigió esta notificación escrita a los vendedores de vehículos con el propósito de proteger los derechos de los consumidores ya que esta es una cualidad muy importante del automóvil que siempre tiene que ser de conocimiento del comprador.
La querellada-recurrente Charlie Auto es una compañía dedicada al negocio de venta de automóviles por lo cual tenía pleno conocimiento de la exigencia requerida en el Art. 27.1 del reglamento antes citado. Por lo tanto, su incumplimiento con esta disposición reglamentaria constituyó una reticencia dolosa que conlleva la nulidad del contrato. Como dijera Morales Moreno, incurre en este tipo de dolo el contratante que calla conscientemente "cuando según la ley..., le es obligado manifestarse". Morales Moreno, op. cit., pág. 387.
Por otro lado, la contención de la recurrente a los efectos de que de determinarse que hubo dolo, el mismo no fue grave ya que la Sra. Duque Hernández estuvo utilizando el automóvil intensamente sin que tuviera problema alguno y sin que éste sufriera una merma en su valor por haber sido de alquiler, es completamente inmeritoria. Como explicáramos anteriormente, los contratos en los cuales ha intervenido alguno de los vicios del consentimiento son nulos independientemente de que la parte engañada haya sufrido lesión o perjuicio alguno. Art. 1252 del Código Civil, supra. La lesión sufrida por el contratante no es lo que determina la gravedad del dolo, sino la captación de la voluntad contratante.
Resolvemos que el DACO actuó correctamente al determinar que Charlie Auto incurrió en dolo grave y así declarar la nulidad del contrato. A base de esto, resolvemos que no se cometió el error señalado por la recurrente a estos efectos.
*690 III
Charlie Auto también señala que erró el DACO al determinar la nulidad del contrato ya que la querella presentada ante la agencia no contenía alegación alguna que indicara que ésta no le había notificado a la Sra. Duque Hernández que el automóvil había sido previamente un vehículo de alquiler y que además en dicha querella no se solicitaba como remedio la nulidad del contrato. Señala además que la querellante nunca enmendó la querella a tales efectos y que la prueba presentada en la vista ante la agencia no podía tener el efecto de enmendar las alegaciones y súplica de la querella, ya que la notificación cursada por la agencia sobre la celebración de la vista no hacía referencia a estas supuestas infracciones, lo que constituye una violación al debido proceso de ley.
La Ley de Procedimiento Administrativo Uniforme, Ley Núm. 170 del 12 de agosto de 1988, 3 L.P.R.A. see. 2101 et seq., dispone en lo pertinente en su see. 3.4, 3 L.P.R.A. sec. 2154, que cuando una persona ajena a la agencia promueva una acción ante la agencia, ésta deberá incluir en la querella, entre otras cosas, la siguiente información: a) los hechos constitutivos del reclamo o infracción; b) referencia a las disposiciones legales aplicables si se conocen; y c) remedio que solicita. Además, dispone en la see. 3.9, 3 L.P.R.A. sec. 2159, que la agencia deberá cursarle una notificación a todas las partes en la cual se hará referencia, entre otras cosas, "a las disposiciones legales o reglamentarias presuntamente infringidas, si se imputa una infracción a las mismas, y a los hechos constitutivos de tal infracción. El propósito de estos requisitos estatutarios es garantizarle a las partes su derecho constitucional al debido proceso de ley. No obstante, debido a la flexibilidad de que goza el procedimiento administrativo, la doctrina sobre este particular establece que cuando la parte querellante incluya nuevas alegaciones o remedios durante la celebración de la vista, lo determinante para salvaguardarle el debido proceso de ley a la parte querellada es la razonabilidad de la oportunidad que ésta tuvo durante la vista de ser oída sobre esos nuevos aspectos. Si los nuevos aspectos fueron litigados completamente en la vista y la parte tuvo una oportunidad justa y razonable de defenderse de las nuevas alegaciones, su derecho constitucional habrá quedado salvaguardado y, por ende cualquier incumplimiento de las antes citadas disposiciones de la ley, L.P.A.U., supra, habrá quedado subsanado. Si se cumple con esta norma de razonabilidad, la agencia tiene amplia discreción para enmendar la querella conforme a la prueba presentada en la vista." D. Fernández Quiñones, Derecho Administrativo y Ley de Procedimiento Administrativo Uniforme, Editorial Forum (1993), pág.164. B. Schwartz, Administrative Law, Fourth Edition, Little, Brown and Company, Boston (1994), pág. 506; Yellow Freight v. Martin, 954 F. 2d 353 (1992) (6th Circuit); J.R.T. v. C. Náutico, 97 D.P.R. 386 (1969).
En el caso de autos, la querella y la notificación hacían referencia al incumplimiento del Art. 27.1 del Reglamento de Garantías de Vehículos de Motor, supra, por parte de Charlie Auto, ni se solicitaba la resolución del contrato por dicho fundamento. No obstante, en la vista celebrada por el DACO, la Sra. Duque Hernández planteó el asunto y se presentó prueba a esos efectos. Según surge de la transcripción de la vista, Charlie Auto litigó el asunto y se defendió ampliamente de dichas alegaciones. De hecho trató de demostrar que en efecto ellos le habían notificado verbalmente a la querellante al momento de la venta que el automóvil había sido un vehículo de "lease". No obstante, no presentaron prueba alguna que demostrara que ellos le habían notificado dicha información por escrito a la querellante. Tampoco le solicitaron a la agencia tiempo adicional para poder producir dicha evidencia posteriormente. La recurrente tuvo una oportunidad justa y razonable de defenderse de estas alegaciones. Por lo tanto, no erró la agencia al considerar las nuevas alegaciones y conceder el remedio solicitado en la vista administrativa.
IV
La recurrente también señala que erró el D.A.C.O. al admitir como prueba parte del testimonio de la Sra. Duque Hernández por constituir prueba de referencia. El señalamiento es completamente inmeritorio. La propia Ley L.P.A.U., dispone en su sec. 3.13, 3 L.P.R.A. sec. 2163, que "las Reglas de Evidencia no serán aplicables a las vistas administrativas". Este es un principio establecido desde antes de la aprobación de dicha ley. Véase López v. Policía de P.R., 118 D.P.R. 219 (1987). Por esta razón, no se cometió el error señalado.
V
Finalmente, señala la recurrente que erró el D.A.C.O. determinar que no se le notificó a la querellante que el automóvil había sido un vehículo de alquiler cuando la prueba demostró *691 supuestamente que la empleada de Charlie Auto que atendió a la querellante le ofreció dicha información verbalmente. Este señalamiento también carece todo de mérito. Ello es así independientemente de que la empleada en efecto le haya provisto o no dicha información verbalmente a la querellante. El Artículo 27.1 del Reglamento de Garantías de Vehículos de Motor dispone expresamente que dicha información tiene que ser notificada por escrito. La notificación verbal no cumple con este requisito. El error señalado, no se cometió.
Por todos los fundamentos antes expuestos, se deniega la expedición del auto solicitado.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 98 DTA 10
1. Ni el First Federal Savings Bank, ni Mitsubishi Motors Sales of Caribbean, Inc..acudieron a solicitar revisión judicial, por lo que la decisión de DACO respecto a ellos advino final y firme allá para el 1995.
2. El automóvil tenía problemas de exceso de calentamiento; el freno de la emergencia estaba defectuoso; y tenía rasgos físicos de haber sufrido un accidente antes de la venta. Véase Resolución del DACO a la pág. 2; Apéndice del Recurso, pág. 2.
3. Charlie Auto alega que se lo había informado verbalmente, mientras que la Sra. Duque Hernández alegó que eso no es cierto. Pero independientemente de quién diga la verdad, lo cierto es que no se le informó por escrito.