NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 05a0985n.06
Filed: December 15, 2005

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| David L. Blackann, | : | Case No. 04-4026 |
| Petitioner, | : | Petition for Review of a Final Order of |
| | : | the United States Department of Labor |
| v. | : | Administrative Review Board |
| Roadway Express, Inc. and the Department of Labor, | : | |
| Respondents. | : | |

Before: COLE and ROGERS, Circuit Judges; BECKWITH, District Judge.[*]

Beckwith, District Judge.   David L. Blackann seeks review of a decision of the

Administrative Review Board ("ARB") adopting an ALJ's summary decision in favor of

Blackann's former employer, Roadway Express.  The ARB held that, as a matter of law,

Roadway did not discriminate against Blackann in violation of the Surface Transportation

Assistance Act of 1982 ("STAA").  We affirm.

I.      Factual Background.

Blackann worked as a truck driver for Roadway Express from 1990 through 1998.  In

1998 Blackann was an "extra board" driver, which meant Blackann did not drive regularly

_____

[*] The Honorable Sandra S. Beckwith, Chief Judge, United States District Court for the
Southern District of Ohio, sitting by designation.

1

scheduled routes, but only when Roadway needed extra drivers. An extra board driver can be called to report for duty at any time while "on call."

Between December, 1997 and September, 1998, Blackann received eleven disciplinary warning letters, five of which are at issue in this appeal. On January 12, 1998, Blackann was driving a truck without a sleeper berth. While en route, he took a sleep break. While some of that time was correctly logged as off duty (for permitted rest stops), he logged the excess thirty minutes as "on duty/not driving." Roadway issued a warning letter to Blackann for inappropriately logging the 30 minutes as "on duty/not driving."

Blackann received three other warning letters between December 1997 and April 1998 which are not at issue here. He served a thirty day suspension starting in April 1998, and returned to work on June 18, 1998. Between that date and September 15, 1998, Blackann received seven warning letters, four of which are the crux of this appeal. Blackann was dispatched on four different runs, on August 19, 20, 21 and 25. Each of these runs had an established "run time" of five hours. (Roadway's "run times" were established by agreement between management and union representatives. Warning letters are issued to drivers who fail to meet these run times.) On each of the four August trips, Blackann was late in delivering his load of freight because he took extended sleep breaks. Blackann received warning letters for each of the four August trips.

After a union hearing, Roadway Express discharged Blackann on September 15, 1998 based upon his work record for the previous nine months, a decision that was upheld under his collective bargaining grievance process. Blackann filed a complaint with the Occupational Safety and Health Administration ("OSHA"), alleging that his discharge violated the STAA

2

because Roadway fired him for taking fatigue breaks. The Secretary of Labor dismissed Blackann's complaint, noting that Roadway's established running times "were specifically negotiated between the respondent and the complainant's union. The complainant did not complete the runs in the allotted time frames and he was issued warning letters and subsequently discharged due to his accumulated work record, which included the seven warning letters and prior disciplinary suspensions." (JA 45, Secretary's Findings dated May 9, 2000.)

Blackann then sought review of the Secretary's findings. The ALJ granted Roadway's motion for summary decision on the four warning letters issued in August 1998, for failure to meet scheduled running times, finding that Blackann had not shown that his activity was protected by the STAA. (JA 34) After a hearing on the remaining warnings, the ALJ found in favor of Roadway and recommended that Blackann's complaint be dismissed. (JA 30)

The ARB affirmed both of the ALJ's orders. With respect to the summary decision on the four running time warnings, the ARB held that an employer does not violate the STAA when it takes adverse action against a driver who is unable to meet the physical demands of the job on a sustained basis. It found that Blackann was unable to adapt to the physical requirement of driving at night and getting adequate sleep during his off-duty daytime hours. With respect to the improper logging of time on January 12, 1998, the ARB held that the STAA did not apply to protect Blackann's conduct. Blackann appeals both of these findings.

II.     Standard of Review.

We review the Secretary's decision under the STAA applying the substantial evidence test. *Moon v. Transport Drivers, Inc.*, 836 F.2d 226, 229 (6th Cir. 1987). We must uphold the Secretary's legal conclusions "unless they are arbitrary, capricious, involve an abuse of

3

discretion, or otherwise are not in accordance with law." *Yellow Freight System, Inc. v. Martin*, 954 F.2d 353, 357 (6th Cir. 1992). And we accord deference to the Secretary's interpretations of the STAA, and will uphold such interpretations if they are "reasonable, consistent with the statutory mandate, and persuasive." *Id.* (citations omitted).

Section 405 of the STAA "protects employees in the commercial motor transportation industry from being discharged in retaliation for refusing to operate a motor vehicle that does not comply with applicable state and federal safety regulations or for filing complaints alleging such noncompliance." *Brock v. Roadway Express, Inc.*, 481 U.S. 252, 255 (1987). STAA protection also extends to a driver's refusal to drive when fatigue or illness would make driving unsafe. The pertinent federal regulation states that a driver shall not drive "while the driver's ability or alertness is so impaired, or so likely to become impaired, through fatigue, illness, or any other cause, as to make it unsafe. . ." to drive. 49 C.F.R. §392.3.

In *Moon v. Transport Drivers,* this Court described a prima facie case of a Section 405 violation as "one which raises an inference that protected activity was the likely reason for the adverse action . . .". *Id.* at 229. An employee establishes a prima facie case by proving three elements: (1) that his employment engages him in protected activity; (2) that his employer took adverse employment action against him; and (3) that a causal link exists between his protected activity and the employer's adverse action. *Id.* Once an employee establishes a prima facie case, the familiar burden-shifting rules of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) apply. The employer must articulate a legitimate, nondiscriminatory reason for its decision. If the employer is successful in rebutting the inference of retaliation, the plaintiff bears the ultimate burden of proving that the proffered legitimate reason was simply a pretext.

4

III.    Discussion.

Blackann's "Fatigue Breaks."

The ARB correctly noted that the material facts concerning the four warning letters were not in dispute. Blackann exceeded the scheduled five-hour run time for each of the four August trips by at least 2.68 hours. On the fourth trip, on August 25, Blackann exceeded the five-hour run time by 3.5 hours. It is noteworthy that the August 25 trip began almost immediately after Blackann had enjoyed a 72-hour time off period. Blackann admitted that no special circumstances prevented him from getting sufficient rest between his work shifts; he admitted that he slept better at night than he did during the day, resulting in frequent sleepiness in the early morning hours. And he admitted that his own difficulty sleeping during his off hours was the reason he did not complete his trips in a timely manner.

Given these facts, the ARB affirmed the ALJ's summary decision (finding that Blackann had not engaged in any STAA-protected activity) on what the ARB described as a "modified basis." The ARB noted its prior decisions that an employer does not violate the STAA by taking adverse action against a driver "who is unable to meet the physical demands of the job on a sustained basis." The ARB concluded that the undisputed facts established that Blackann could not conform to the clear physical requirement of his job as an extra-board driver - that he be able to get adequate sleep during the day in order to drive at night within scheduled run times. While the ARB did not explicitly state that Blackann failed to establish a prima facie case of discrimination under the STAA, we affirm the ARB's legal conclusion under that rubric. Even if Blackann's "fatigue breaks" on each of the four August trips was protected activity

5

under the STAA, Blackann failed to establish the causal link between his protected activity and his discharge. Not getting an adequate amount of sleep **before** his shifts, and reporting to his work shifts tired, caused Blackann's inability to meet the scheduled run times and the resultant warnings. The ARB expressly found that Roadway did not violate the STAA by issuing the warning letters. Clearly, the ARB concluded that Blackann was discharged due to his repeated reporting for duty when he was simply too tired to perform that duty, and not because of taking STAA-protected fatigue breaks.

The Fourth Circuit has articulated a common sense test concerning "fatigue breaks" and whether they are STAA protected: "An employer obviously remains free to sanction an employee for chronically tardy conduct or indeed for any action not protected by the STAA. The STAA protects only a driver who may unexpectedly encounter fatigue on the course of a journey; it obviously does not protect delays unrelated to the statutory purposes of public and personal safety." *Yellow Freight v. Reich*, 8 F.3d 980, 988 (4th Cir. 1993). We agree that the purposes of the STAA would not be well served by permitting an employee to chronically report for duty aware of the strong probability that he would not be able to finish a driving shift in a timely fashion, and then claim STAA protection when his employer takes adverse action.

Moreover, as noted above, the Secretary's interpretations of the STAA are entitled to deference from this court when they are reasonable, consistent with the statute, and persuasive. We find that the Secretary's interpretation and application of the STAA in this instance is both reasonable and persuasive.

B.      Logging as "Off-Duty" on January 12, 1998.

Blackann also appeals the ARB's affirmance of his January 12, 1998 warning for

6

improper logging of time. The ARB held that this dispute involved company policy, and not any conduct that is protected by the STAA. We agree. Roadway policy plainly requires that drivers record time sleeping as "off duty" even when the truck does not have a sleeper berth. Blackann cites a regulation promulgated by the Federal Motor Carrier Agency, 49 C.F.R. §395.2(4), which broadly defines on duty time as "all time, other than driving time, in or upon any commercial motor vehicle except time spent resting in a sleeper berth." But the ARB correctly noted that the regulations explicitly leave it to the employer to determine the manner of recording tour of duty time. See 62 Fed. Reg. 16370, 16422. Roadway's time log policies did not "force" Blackann to violate any Federal regulation. And Blackann's improper time log does not involve any refusal to drive or any safety consideration. The ARB did not err in finding that Blackann did not establish that his logging of time as "off duty" was an STAA- protected activity. Therefore, we affirm the ARB's finding concerning the January 12, 1998 warning letter.

Finding no error in the ARB's decision upholding Blackann's discharge from his employment, we affirm.

**R. GUY COLE, JR., Circuit Judge, concurring.**

I agree that the Administrative Review Board did not err in upholding Blackann's discharge from his employment. However, because a close reading of the ARB opinion makes it clear that its holding was based on Roadway's legitimate, nondiscriminatory reason for discharging Blackann, I write separately.

The majority affirms the ARB's decision granting summary judgment on the grounds that Blackann did not establish causation, and thus failed to make out a prima facie case. In holding that Blackann's discharge did not violate the STAA, however, the ARB did not find that Blackann failed to establish causation. It is undisputed that Blackann was unable to make his running time because he took fatigue breaks. It is further undisputed that he received disciplinary letters as a result of his inability to make his running times. Finally, the ALJ explicitly held that "[Blackann] was discharged on the basis of his entire employment record."

To establish causation, a plaintiff must produce sufficient evidence from which an inference could be drawn that the adverse action would not have been taken had the plaintiff not engaged in a protected activity. *EEOC v. Avery Dennison Corp.*, 104 F.3d 858, 861 (6th Cir. 1997). Evidence that the adverse action was taken shortly after the plaintiff's exercise of a protected right is relevant to the determination of causation. *See Moon v. Transport Drivers, Inc.*, 836 F.2d 226, 230 (6th Cir. 1987). This Court has emphasized that a plaintiff's burden in proving a prima facie case is not onerous; Blackann need not prove he was discharged because of his fatigue breaks, but must only "proffer evidence sufficient to raise the inference that [his] protected activity was the likely reason for the adverse action." *Avery Dennison Corp.*, 104 F.3d at 861 (citations omitted).

In holding that Blackann's discharge did not violate the STAA, the ARB did not hold that Blackann failed to establish causation, but rather held that Roadway did not violate the STAA because it articulated a legitimate, nondiscriminatory reason for Blackann's discharge. Under the familiar burden-shifting framework, once an employee has established a prima facie case, the employer must articulate a legitimate, nondiscriminatory reason for its decision. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-03 (1973). The employee then bears the ultimate burden of proving that the proffered reason was a pretext. *Id*. at 793. A plaintiff may prove that the proffered reason was pretextual by providing evidence that the reason should be disbelieved. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 147 (2000). In this circuit, an employee who does not factually challenge the reason offered by the employer must provide some additional evidence of retaliatory discharge, other than that evidence that supports the prima face case. *Manzer v. Diamond Shamrock Chems. Co.*, 29 F.3d 1078, 1085 (6th Cir. 1995).

The ARB correctly concluded that Blackann's inability to obtain an adequate amount of sleep before his shifts began was a legitimate, nondiscriminatory reason for his discharge. In holding that Blackann's discharge did not amount to a violation of the STAA, the ARB referenced its previous holdings that an employer did not violate the STAA "when it discharged [an employee] for the legitimate business reasons that he could not perform the job." Blackann does not challenge the fact that he had trouble sleeping during the day throughout the nine-month period in question. In fact, in granting summary judgment, the ARB relied on Blackann's statements that he was only able to get about five hours of sleep when he was required to sleep during the day. Blackann's physical inability to obtain sleep is a legitimate, nondiscriminatory

9

justification for his discharge.

Because Blackann does not challenge the fact that he was unable to obtain adequate sleep, he is required to submit evidence of pretext beyond that which establishes his prima facie case in order to survive summary judgment. *Manzer*, at 1085. Blackann does not provide any evidence that he was discharged impermissibly, besides that which established his prima facie case. Therefore, summary judgment is appropriate here.

According, I concur in the judgment that this Court should **AFFIRM** the ARB's grant of summary judgment.